# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KEVIN DROZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:2:16-CV-267-RL-JEM |
| | ) | |
| RALPH DROZ, | ) | |
|     Defendant, | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike Affirmative Defenses [DE 14], filed by Plaintiff on January 17, 2018. Plaintiff requests that the Court strike all of Defendant's affirmative defenses as insufficient. Defendant filed a response on January 26, 2018, and Plaintiff filed a reply on February 1, 2018.

## I. Standard of Review

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). However, because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain

statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**II.     Analysis**

Plaintiff's Complaint alleges damages to Plaintiff's property arising from a fire at Defendant's property. In the instant Motion, Plaintiff argues that the Court should strike all eighteen of Defendant's affirmative defenses.

    A.    <u>First Affirmative Defense</u>

Defendant's first affirmative defense is a blanket denial of "[a]ny allegation" in the Complaint not specifically addressed earlier in the pleading. An affirmative defense is one that defeats liability for all or some of a plaintiff's claims even if the plaintiff can prove all the elements of those claims. *See E.E.O.C. v. Mach Mining, LLC*, 738 F.3d 171, 184 (7th Cir. 2013) ("The essence of an affirmative defense is that it assumes the plaintiff can prove its factual allegations[,but it] . . . raises additional facts or legal arguments that defeat liability nonetheless."); *see also Defense, affirmative,* <u>Black's Law Dictionary</u> (8th ed. 1999) ("An affirmative defense asserts "facts and arguments which, if true, will defeat the Plaintiff's . . . claim, *even if all the allegations in the complaint are true.*"(emphasis added)). A denial of an allegation in a Complaint is by definition not an affirmative defense; therefore, this item will be stricken.

B.	Second, Fifth, Seventh, and Eighth Affirmative Defenses

Each of these defenses rests on some alleged act or omission on the part of Plaintiff: that he "may have assumed/incurred the risk," that he "may have been the proximate cause of the subject incident," that he "may have failed to mitigate damages," and that his recovery may be barred due to his own fault by operation of the Indiana Comparative Fault Act. Plaintiff argues that these are nothing but bare bones, conclusory allegations. Federal Rule of Civil Procedure 8(c) requires that the party responding to a complaint state the affirmative defenses that it intends to raise. *See* Fed. R. Civ. P. 8(c). However, Rule 8 also requires that in addition to merely stating the affirmative defense, the party raising it must meet the pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense . . . alleg[ing] the necessary elements of the alleged claims. *Heller,* 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). The familiar pleading requirements for a *complaint* come from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which specify that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

But district courts are divided on the question of whether an *affirmative defense* must comply with *Twombly* and *Iqbal*'s heightened pleading standard. *See Cottle v. Falcon Holdings Mgmt., LLC*, No. 11-95, 2012 U.S. Dist. LEXIS 10478, *3-4 (N.D. Ind. Jan. 30, 2012) (collecting cases on both sides); *Husainy v. Allied Collection Serv., Inc.*, No. 15-95, 2016 U.S. Dist. LEXIS 54073, *2 (N.D. Ind. Apr. 22, 2016) ("The Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in [*Twombly* and *Iqbal*] applies to ... affirmative defenses."). Courts in the Northern District of Indiana have generally held that an affirmative

4

defense need not satisfy *Twombly* and *Iqbal*. *See Cottle*, 2012 U.S. Dist. LEXIS 10478 at *5 ("This Court agrees with those cases declining to apply the 'plausibility' standard of *Iqbal* and *Twombly* to affirmative defenses."); *Fletcher v. Hoeppner Wagner & Evans, LLP*, No. 14-231, 2015 U.S. Dist. LEXIS 153057, *19 (N.D. Ind. Nov. 12, 2015) ("the Court declines to apply to affirmative defenses the plausibility standard applied in *Iqbal* and *Twombly*"); *Husainy*, 2016 U.S. Dist. LEXIS 54073 at *2 ("This Court continues to agree with those cases declining to apply . . . *Iqbal* and *Twombly* to affirmative defenses."). Under this view, an affirmative defense need not satisfy *Twombly* and *Iqbal*'s plausibility standard, but the affirmative defense must still contain a "short and plain statement" of the defense itself. *Heller*, 883 F.2d at 1294. Affirmative defenses must be stricken if they contain "nothing but bare bones conclusory allegations" without "*any* short and plain statement of facts." *Id.* at 1295 (emphasis added). In essence, an affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle*, 2012 U.S. Dist. LEXIS 10478 at *12; *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because the affirmative defenses were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense.").

Nowhere in Defendant's pleading does he specify any act or omission on the part of Plaintiff, providing Plaintiff with no notice of how he may have assumed risk, caused the incident, or failed to mitigate damages. Nor does it suggest how the Indiana Comparative Fault Act actually applies. Therefore, the Court finds that the second, fifth, seventh, and eighth affirmative defenses must be

stricken because they lack factual support and do not include the necessary elements to support the allegations.

### C. Third Affirmative Defense

In its third affirmative defense, Defendant "reserves the right to supplement and/or amend these defenses as discovery and investigation continue." The right to amend pleadings is governed by Federal Rule of Civil Procedure 15 and by the Court's scheduling orders, rendering this statement essentially meaningless. In addition, Defendant's reservation of rights does not assert any facts or arguments; it is therefore not an affirmative defense and will be stricken.

### D. Fourth Affirmative Defense

In the fourth affirmative defense, Defendant claims that he is entitled to set off for any collateral source payments received by Plaintiff. Indiana's collateral source rule generally holds that a defendant cannot reduce a plaintiff's damages by pointing to compensation the plaintiff received from a collateral source such as insurance. *Aldridge v. Abram & Hawkins Excavating Co.*, 474 N.E.2d 107, 108 (Ind. Ct. App. 1985) ("Evidence of benefits from a collateral source tends to prejudice the jury and influence its verdict not only as to damages but also as to liability."); *accord Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009); *see also* Indiana Code § 34-44-1-2. In addition, Defendant provides no factual basis for this claim. The affirmative defense is therefore insufficient and will be stricken.

### E. Sixth Affirmative Defense

Defendant's sixth affirmative defense is a statement that the complaint "fails to state a claim upon which relief can be granted." Plaintiff argues that this statement is not properly pled as an affirmative defense, but instead simply recites the standard for a motion to dismiss. However, the

former Federal Rule of Civil Procedure 84, now abrogated, and the accompanying Form 30 in the Appendix to the Rules, explicitly provided for failure to state a claim upon which relief may be granted as an affirmative defense. *See Kimbrew v. Advocate Health & Hosps. Corp.*, No. 10 C 4531, 2010 WL 5135908, at *1 (N.D. Ill. Dec. 8, 2010) (declining to strike on the grounds that "[the] first defense, however, follows the form set forth in the Federal Rules of Civil Procedure") (citing Fed. R. Civ. P. Form 30); *Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 WL 4810600, at *2 (N.D. Ill. Nov. 19, 2010) ("[T]his language is specifically listed in Form 30, and Rule 84 explicitly states that the Forms 'suffice' under the rules."). Although Plaintiff is correct that the sixth affirmative defense is boilerplate and lacks any specific information, it suffices under the Rules and will not be stricken.

  F. <u>Ninth through Eighteenth Affirmative Defenses</u>

  The last ten affirmative defenses asserted by Defendant each state that Plaintiff's injuries and damages may have been caused by non-party; each defense then identifies a non-party by name and address. In this case, all of the non-parties to which Defendant imputes some share of the fault are fire departments. Plaintiff objects to these affirmative defenses on the basis that they lack factual specificity, and do not identify which of the departments are responsible for which share of the damages. The affirmative defenses do identify the possible non-parties at fault with specificity, and, because Plaintiff's claim arose from a fire to which multiple fire departments responded, it is reasonable to infer from the facts in the pleadings that Defendant asserts fault based on the failure of the fire departments to stop the fire. The Court finds that these facts, though spare, meet the minimum pleading standard of affirmative defenses, in that they contain enough specificity to notify Plaintiff as to the defense being alleged and to allow discovery to proceed on the allegations.

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiff's Motion to Strike Affirmative Defenses [DE 20] and **ORDERS** that Defendant's affirmative defenses numbered 1, 2, 3, 4, 5, 7, and 8 are hereby **STRICKEN**. The affirmative defenses numbered 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19 remain.

SO ORDERED this 5th day of July, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record